IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENT MALONE-BEY,

    Plaintiff(s),

V.

LAUDERDALE COUNTY SCHOOL BOARD, DR. JOHN-MARK CAIN, in his official capacity as Superintendent, JOSHUA HERRINGTON, in his individual capacity, CHAD D. WEST, in his individual capacity, ANTONIO NAYLOR, in his individual capacity,

    Respondent(s).

CIVIL ACTION NO. 3:25-cv-380-KHJ-MTP

JURY TRIAL DEMANDED

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 27 2025
ARTHUR JOHNSTON
BY_____ DEPUTY

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Kent Malone-Bey, brings this civil rights action against the Lauderdale County School Board and individual Defendants for violations of federal and state law, including the Americans with Disabilities Act (ADA), the Due Process Clause of the Fourteenth Amendment, and multiple state torts. Plaintiff is a 100% disabled veteran of the United States Armed Forces and was employed by the Lauderdale County School District under a valid employment contract for the 2024–2025 school year.

2. Defendants wrongfully terminated Plaintiff based on false allegations without proper investigation, violating his rights to due process, freedom from discrimination, and

1

contractual protections. Defendants' actions caused Plaintiff economic harm, emotional distress, and reputational damage.

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1981, 42 U.S.C. §12101 et seq. (ADA) and the First and Fourteenth Amendments of the U.S. Constitution, along with Mississippi tort law claims for breach of contract, negligence, wantonness, defamation, intentional infliction of emotional distress, and tortious interference with employment.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 42 U.S.C. §1981, 42 U.S.C. §1983, and 42 U.S.C. §12101 et seq. (ADA).
4. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.
5. Venue is proper in this judicial district under 28 U.S.C. § 1391 as all parties reside and events occurred within the Southern District of Mississippi.

## III. PARTIES

6. **Plaintiff Kent Malone-Bey** is an adult resident of Lauderdale County, Mississippi, and a 100% disabled veteran who was employed with the Lauderdale County School District.
7. **Defendant Lauderdale County School Board** is a public entity responsible for the governance of the Lauderdale County School District.
8. **Defendant Dr. John-Mark Cain** is the Superintendent of Education and is sued in his official capacity only.

9. **Defendant Joshua Herrington** is the Principal of Northeast Lauderdale High School and is sued in his individual capacity.

10. **Defendant Chad D. West** is a teacher employed by the school district and is sued in his individual capacity.

11. **Defendant Antonio Naylor** is a School Resource Officer and is sued in his individual capacity.

## IV. FACTUAL BACKGROUND

12. On or about October 22, 2024, Defendant West falsely reported to Plaintiff and later to school officials that he had overheard Plaintiff making a threatening statement during a private phone conversation.

13. The alleged conversation took place behind a closed door after school hours and was grossly mischaracterized by Defendant West.

14. Defendant Herrington suspended Plaintiff without any investigation, falsely framing the suspension as a "self-report."

   14(a) That same evening, Plaintiff informed Defendant Herrington that he had been speaking with Retired U.S. Navy Master Chief Robert Vontoure and provided Herrington with Vontoure's contact information to verify the conversation.

   14(b) Despite this, Defendant Herrington never contacted Master Chief Vontoure, conducted no meaningful investigation, and produced no written report.

14(c) At Plaintiff's termination hearing, Master Chief Vontoure appeared as a witness to refute the false allegations, but Defendants willfully disregarded his testimony, further demonstrating their bad faith and denial of due process.

14(d) On October 25, 2024, Plaintiff provided Master Chief Robert Vontoure's contact information to Dr. Deshannon Davis (Human Resources of the Lauderdale County School District) to verify the alleged phone conversation.

14(e) That same day, Dr. Davis contacted Master Chief Vontoure as part of an official HR investigation into the incident.

14(f) Despite conducting this investigation, Dr. Davis never provided Plaintiff with her findings, nor was her report submitted as evidence during the termination hearing—even though it likely contained exculpatory information.

14(g) This deliberate concealment further proves Defendants acted in bad faith, suppressing evidence that would have disproven the false allegations against Plaintiff.

15. Despite Plaintiff's denial and explanation, Defendants proceeded with disciplinary action without providing Plaintiff procedural due process.

16. At the termination hearing, Defendant Naylor testified falsely and without evidence that Plaintiff made threatening statements to staff members.

16(a) Defendant Herrington improperly called School Resource Officer Antonio Naylor to testify at Plaintiff's termination hearing, despite Naylor having no firsthand

knowledge of the alleged phone conversation that formed the basis of the accusations.

16(b) Naylor's testimony falsely alleged that Plaintiff made threatening statements to staff members—a claim entirely unrelated to the phone incident for which Plaintiff was disciplined.

16(c) Naylor provided no written statements, affidavits, or corroborating witnesses to support his testimony, rendering it uncorroborated hearsay that should have been inadmissible in a fair hearing.

17. Defendants failed to produce any investigation report, affidavits, or corroborating witnesses.

18. Plaintiff was terminated without cause, based solely on hearsay and malice.

18(a) On November 8, 2024, Plaintiff formally requested from the hearing officer all documents, records, reports, statements, and evidence to be used in his termination proceedings, as required by due process.

18(b) On November 26, 2024, Plaintiff received a response stating that the only documents to be considered were:

- The 2023-2024 employment contract (which was not the operative contract at the time of termination),
- Dr. John-Mark Cain's November 1, 2024 letter,
- Plaintiff's November 3, 2024 response letter, and
- The hearing officer's denial letter itself.

18(c) This willful withholding of evidence deprived Plaintiff of the ability to confront the accusations, challenge false testimony (such as Officer Naylor's), or present a complete defense, rendering the hearing fundamentally unfair.

19. Plaintiff had a valid employment contract for the 2024–2025 school year, yet Defendants improperly terminated him based on the previous year's (2023-2024) contract.

19(a) Plaintiff had a valid and binding employment contract for the 2024–2025 school year, which governed the terms of his employment at the time of termination.

19(b) Despite this, Defendants wrongfully applied the prior year's (2023–2024) contract as a pretext for termination, violating the express terms of the operative agreement.

19(c) Defendants' misuse of the outdated contract demonstrates their bad faith and contractual breach, as they failed to adhere to the procedures and protections afforded to Plaintiff under the 2024–2025 agreement.

20. Defendants' actions damaged Plaintiff's professional reputation, damaging his ROTC certification, employment opportunities, and emotional health.

21. Plaintiff's disability status was known by Defendants. No reasonable accommodations were offered or discussed prior to termination.

21(a) Plaintiff, a 100% disabled veteran, Defendants knew of his disability status, yet they failed to provide any accommodations during the termination process, despite his request for document access and a fair hearing.

21(b) Under the ADA, Defendants were required to offer reasonable assistance, such as a liaison, written clarifications, or procedural support, to ensure Plaintiff could fully participate in the hearing. Their failure to do so discriminated against Plaintiff based on his disability and denied him a meaningful opportunity to defend himself.

## V. CLAIMS FOR RELIEF

**Count I – Violation of Civil Rights (42 U.S.C. § 1983 – Fourteenth Amendment Due Process)**

22. Plaintiff had a protected property interest in his continued employment.

23. Defendants acted under color of state law to deprive Plaintiff of his property interest without due process.

   23(a) Defendants deliberately ignored exculpatory evidence (Master Chief Vontoure's testimony) and failed to conduct even a minimal investigation, rendering the hearing a sham.

   23(b) Defendants further violated due process by permitting false and irrelevant testimony from Officer Naylor, who had no direct knowledge of the alleged incident, while ignoring exculpatory evidence (Master Chief Vontoure's testimony).

   23(c) Defendants violated due process by denying Plaintiff access to evidence prior to the hearing, including investigation reports, witness statements, and the correct

employment contract, while knowingly relying on an inapplicable contract to justify termination.

24(d) Defendants' refusal to accommodate Plaintiff's disability compounded the due process violation, as his ability to prepare and present a defense was further impaired by their indifference.

24(e) Defendants further violated due process by withholding the HR investigation report, which was material to Plaintiff's defense, demonstrating that the hearing was a sham.

24. Defendants failed to provide notice, a fair hearing, and an opportunity to respond to the allegations in violation of the Fourteenth Amendment.

25. Plaintiff suffered damages as a result.

## Count II – Violation of Civil Rights (42 U.S.C. § 1983 – First Amendment Retaliation)

26. To the extent Defendants retaliated against Plaintiff for protected speech, including his denial and engagement in lawful communication, such retaliation violates the First Amendment.

## Count III – Breach of Contract

27. Plaintiff and Defendants entered into a valid, enforceable employment contract for the 2024–2025 school year, which guaranteed Plaintiff continued employment absent just cause for termination under its terms.

28. Defendants breached the contract by:

(a) Terminating Plaintiff without proper cause as defined in the 2024–2025 contract;

    (b) Misapplying the 2023–2024 contract's terms instead of the governing agreement;

    (c) Failing to follow mandatory disciplinary procedures under the current contract.

    (d) Defendants compounded their breach by misrepresenting the governing contract terms at the hearing, using the 2023-2024 agreement instead of the valid 2024-2025 contract, further violating Plaintiff's rights.

29. As a direct result, Plaintiff suffered lost wages, benefits, and career opportunities that the 2024–2025 contract guaranteed..

## Count IV – Negligence

30. Defendants owed Plaintiff a duty to exercise reasonable care in investigating claims and handling disciplinary matters.

31. Defendants breached this duty, causing harm to Plaintiff.

## Count V – Wantonness / Recklessness

32. Defendants acted with conscious disregard of the truth and with knowledge that their actions would harm Plaintiff.

    32(a) Defendants acted with reckless disregard by refusing to interview the only witness (Master Chief Vontoure) and ignoring his testimony, demonstrating a conscious effort to sustain false allegations.

    32(b) Defendants acted with reckless disregard by soliciting and relying on baseless testimony from Officer Naylor, who was not present during the alleged incident and provided no credible evidence.

32(c) Defendants acted with deliberate indifference by concealing evidence and misleading Plaintiff and the hearing officer about the applicable contract, demonstrating a pattern of misconduct.

32(e) Defendants acted with reckless disregard by suppressing the HR investigation, showing a conscious effort to sustain false allegations despite knowing the truth.

33. Such conduct warrants punitive damages.

**Count VI – Defamation (Libel and Slander)**

34. Defendants published false and damaging statements regarding Plaintiff's alleged threats.

35. These statements were made with actual malice, damaging Plaintiff's reputation and career.

35(a) Defendants knowingly permitted false testimony from Naylor, which further defamed Plaintiff by introducing unsubstantiated allegations of threats to staff members.

**Count VII – Intentional Infliction of Emotional Distress**

36. Defendants' actions were extreme and outrageous and were intended to cause, or were in reckless disregard of causing, emotional distress. As a direct and proximate result, Plaintiff has suffered severe emotional harm, requiring psychiatric treatment and ongoing medication to manage the distress caused by Defendants' conduct.

**Count VIII – Tortious Interference with Employment**

37. Defendants intentionally interfered with Plaintiff's employment by advocating for his termination based on false information.

10

37(a) Defendants, including HR, intentionally interfered with Plaintiff's employment by refusing to disclose exculpatory evidence that would have prevented termination.

38. This interference led to Plaintiff's termination and loss of ROTC certification.

**Count IX: Violation of the Americans with Disabilities Act (ADA)**

39. Plaintiff is a qualified individual with a disability. Defendants discriminated against him based on disability and failed to accommodate, in violation of the ADA.

39(a) Plaintiff is a qualified individual with a disability under the ADA (42 U.S.C. § 12101 et seq.).

39(b) Despite knowing Plaintiff's disability status, Defendants refused to accommodate him during the termination process, including by:

- Denying his request for pre-hearing document access (which exacerbated stress related to his disability);
- Failing to provide a liaison or advocate to assist with procedural complexities;
- Ignoring their duty to engage in an interactive process to determine appropriate accommodations.

39(c) This conduct violates the ADA's prohibitions on disability-based discrimination and failure to accommodate.

## VI. DAMAGES

40. Plaintiff has suffered:

- Lost income and benefits
- Emotional distress and mental anguish

- Damage to professional and personal reputation
- Loss of ROTC certification and career prospects
- Punitive damages under 42 U.S.C. §1981a and Miss. Code Ann. §11-1-65

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants;

b. Award compensatory damages;

c. Award punitive damages against the individual Defendants;

d. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988;

e. Pre- and post-judgment interest;

f. Reinstatement or front pay if reinstatement is not feasible;

g. A declaratory judgment that Plaintiff's termination was void under the 2024-2025 contract, and he remains an employee of the Lauderdale County School District.

e. An order requiring Defendants to pay all back wages, benefits, and seniority lost since the unlawful termination.

g. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 27 day of MAY, 2025.

_____
Kent Malone-Bey
1530 Marion Russell RD
Meridian, Mississippi 39301
(601) 938-7213

kmomoney53@gmail.com
Pro Se Plaintiff