UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENT MALONE-BEY                                             PLAINTIFF

V.                                    CIVIL ACTION NO. 3:25-CV-380-KHJ-MTP

LAUDERDALE COUNTY                            DEFENDANTS
SCHOOL BOARD, et al.

ORDER

Before the Court is pro se Plaintiff Kent Malone-Bey's [6] Motion for Preliminary Injunction. The Court denies the motion.[1]

I.     Background

This case arises from Malone-Bey's termination of employment.

Malone-Bey was a Navy Junior Reserve Officers Training Corps (NJROTC) instructor at Northeast Lauderdale High School. *See* Compl. Exs. [1-1] at 10, 12, 22. In early November 2024, the school district's superintendent terminated Malone-Bey's employment for a few stated reasons:

- "engaging in behavior that is not aligned with the ethical and professional image expected of an educator";
- "You have denied to Central Service Administration about making a threatening statement after you self-reported to Principal Josh Herrington that you had made such a statement"; and
- "Your interactions with staff and administrators have frequently involved aggressive behavior, including making threatening statements on the high school campus, which you reported, 'I am tired of this place, and I need to

---

[1] The Court denies as moot Malone-Bey's [5] Motion to Expedite Hearing on Preliminary Injunction.

leave before they make me come up here with a gun because that is not something I want to do.'"

*Id.* at 3.

Malone-Bey requested a termination hearing, which occurred on December 3, 2024. *Id.* at 4, 17. After reviewing a transcript of that hearing, Defendant Lauderdale County School Board upheld the termination. *Id.* at 17–18. The Board concluded that there was "substantial evidence in the record" to support the termination, including:

- "Malone-Bey's profanity-laced conduct while on bus duty was inappropriate, unprofessional[,] and was a violation of the Mississippi Educator Code of Ethics and Standards of Conduct."
- "His behavior the remainder of that day that led to him being overheard by a co-worker making the statement about the gun was alarming and was not the behavior expected of employees of the District. While [Malone-Bey] later denied making the statement about the gun, two witnesses confirmed that he admitted making the statement during a phone call between [Malone-Bey], the co-worker[,] and the principal."[2]
- "Malone-Bey has had several other incidents in the past involving inappropriate level[s] of aggressiveness, agitation[,] and interactions with co-workers that violated the Code of Ethics. Those incidents include, among others, the baseball cap issue and [Malone-Bey's] refusal to discuss the matter with his supervisor, his admission of his statement involving the bookkeeper[,] and the incident in the gym regarding speakers."

*Id.* In short, the Board "found that the evidence presented in the hearing supported the administration's decision to terminate [Malone-Bey] and that the decision was a proper employment decision and not contrary to law." *Id.* at 17.

---

[2] The Board acknowledged that Malone-Bey called a witness, who allegedly "had a conversation with [Malone-Bey] at some point that same day . . . ." [1-1] at 18. The witness testified that "Malone-Bey did not mention a gun in their conversation." *Id.* But the Board noted that Malone-Bey "provided no evidence that his conversation with that individual was what the co-worker overheard . . . about a gun." *Id.*

2

In late May 2025, Malone-Bey sued the Board and various school officials, chiefly claiming that Defendants unlawfully terminated his employment based on false allegations. *See* Compl. [1]. Malone-Bey raised nine claims: (1) violations of due process, (2) First Amendment retaliation, (3) breach of contract, (4) negligence, (5) wantonness/recklessness, (6) defamation, (7) intentional infliction of emotional distress, (8) tortious interference with employment, and (9) violations of the Americans with Disabilities Act. *Id.* ¶¶ 22–39.

Soon after filing his [1] Complaint, Malone-Bey moved for a preliminary injunction "ordering Defendants to immediately reinstate [him] to his former position with full back pay and benefits, or alternatively award full back pay and front pay if reinstatement is deemed impracticable . . . ." [6] at 1. Most relevant here, Malone-Bey argued that he would face irreparable harm absent an injunction because he has suffered the loss of his salary and medical benefits, permanent career damage through his ROTC certification revocation and unemployability in the education sector, and severe emotional distress. *Id.* at 2–3; Mem. Supp. Mot. [7] at 2; *see also* [1] ¶¶ 2, 20, 40; [5] at 1.

II.    Standard

"A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (citation modified), *cert. denied sub nom.*, *Anibowei v. Mayorkas*, 144 S. Ct. 551 (2024). A plaintiff seeking a preliminary injunction must establish four elements:

3

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Id.* (citation modified).

As to the second element, "[i]n general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). "Mere injuries, however substantial, in terms of money, time[,] and energy necessarily expended in the absence of an injunction, are not enough." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (citation modified). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (citation modified).

"If the party requesting the injunction cannot show that factual disputes exist regarding the required elements, and cannot introduce evidence sufficient to justify granting the motion, a hearing on the requested injunctive relief is unnecessary." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009); *see also PCI Transp., Inc. v. Ft. Wor. & W. R.R.*, 418 F.3d 535, 546 (5th Cir. 2005) (explaining that a plaintiff's "failure to establish the existence of a factual dispute on the question whether [he] would suffer irreparable injury [makes] a hearing unnecessary").

4

III.    Analysis

The Court denies a preliminary injunction because Malone-Bey cannot establish that, absent injunctive relief, he will suffer irreparable injury.[3]

That is so because Malone-Bey has an adequate remedy at law. If Malone-Bey establishes at trial that his termination was unlawful, he will be entitled to financial compensation that remedies his injuries: loss of salary and medical benefits, career damage, and emotional distress. *See* [6] at 2–3; [7] at 2. Because financial compensation in the ordinary course of litigation will adequately remedy those injuries, Malone-Bey cannot establish irreparable harm. *See, e.g.*, *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (reversing preliminary injunction because the terminated employee would be compensated "should [the] discharge later prove wrongful"); *Dennis Melancon, Inc.*, 703 F.3d at 279 (explaining that even substantial monetary injuries "are not enough" to warrant a preliminary injunction); *Jwalapuram v. Mayorkas*, No. 3:21-CV-699, 2021 WL 2695369, at *2 (N.D. Tex. Mar. 31, 2021) (collecting cases).

The Court thus denies Malone-Bey's [6] Motion for Preliminary Injunction.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Malone-Bey's [6] Motion for Preliminary Injunction and DENIES AS MOOT Malone-Bey's [5] Motion to Expedite Hearing on Preliminary Injunction.

---

[3] The Court thus need not, and does not, address the other three required elements.

5

SO ORDERED, this 18th day of July, 2025.

                                            s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE