UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENT MALONE-BEY                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:25-CV-380-KHJ-MTP

LAUDERDALE COUNTY                                                 DEFENDANTS
SCHOOL BOARD, et al.

ORDER

Before the Court are the [26] Motion for Judgment on the Pleadings filed by

Defendants Lauderdale County School Board ("the School Board"), Dr. John-Mark

Cain ("Superintendent Cain"), Joshua Herrington ("Principal Herrington"), and

Chad West ("Mr. West") (collectively "Defendants") and the [34] Motion for Leave to

File Sur-Reply and [36] Motion for Status Conference filed by pro se Plaintiff Kent

Malone-Bey ("Malone-Bey"). For the reasons below, the Court denies the [26]

Motion without prejudice, finds as moot the [34, 36] Motions, and grants Malone-

Bey 14 days from the date of this Order to amend his [1] Complaint and plead his

best case. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend]

when justice so requires.").

I.      Background

        This lawsuit stems from an employment dispute. Malone-Bey was a Navy

Junior Reserve Officers Training Corps (NJROTC) instructor at Northeast

Lauderdale High School. *See* Compl. [1]; 11/03/24 Letter [1-1] at 4. Not long after

the 2024–2025 school year began, the Lauderdale County School District fired

Malone-Bey for "aggressive behavior" and "threatening statements." Termination Letter [1-1] at 3.

Malone-Bey says those allegations are false. So he sued the School Board, Superintendent Cain, Principal Herrington, Mr. West (a fellow teacher), and School Resource Officer Antonio Naylor ("Officer Naylor"), for monetary damages and declaratory relief. [1] at 12. The [1] Complaint raises nine claims: (1) violation of due process, (2) First Amendment retaliation, (3) breach of contract, (4) negligence, (5) wantonness/recklessness, (6) defamation, (7) intentional infliction of emotional distress, (8) tortious interference with employment, and (9) violations of the Americans with Disabilities Act ("ADA"). [1] ¶¶ 22–39.

Defendants ask the Court to dismiss Malone-Bey's Complaint. *See* Defs.' Rule 12(c) Mot. [26]. Among other defenses, they argue that the School Board is not a political subdivision subject to suit; that qualified immunity protects Principal Herrington and Mr. West; that Malone-Bey cannot state a claim against the School Board or Superintendent Cain; and that Malone-Bey failed to comply with the Mississippi Tort Claims Act ("MTCA"). [26] at 1–2.

In response, Malone-Bey insists his [1] Complaint contains sufficient factual allegations to support his claims. Pl.'s Resp. [29] at 1. He also says Defendants' immunity arguments lack factual or legal support and that his First Amendment and ADA claims "proceed under clear federal statutory authority." *Id.* at 2.

The Court declines to dismiss the [1] Complaint at this stage. But, as explained below, Malone-Bey's claims face substantial hurdles that he likely cannot

clear. Nevertheless, because Malone-Bey is self-represented, the Court grants him one opportunity to amend his [1] Complaint and plead his best case.

II.    Standard

Defendants ask the Court to dismiss the [1] Complaint pursuant to Federal Rule of Civil Procedure 12(c). The standard for deciding a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). The Court must decide whether, when considered in the light most favorable to the plaintiff, the complaint states a plausible claim for relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Malone-Bey's pro se status does not excuse him from these pleading requirements. Although the Court liberally construes pro se litigants' pleadings, Malone-Bey must still "abide by the rules that govern the federal courts." *EEOC v. Simbaki Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). That means he must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.* (citing *Champion v. United States*, 421 F. App'x 418, 423 (5th Cir. 2011)).

In deciding a Rule 12(c) motion, the Court examines the pleadings and any attachments that (1) the complaint refers to and (2) are central to the plaintiff's claims. *Id.* (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)). The same standard applies to documents attached to a Rule 12(c)

motion; the Court may consider those too if the complaint mentions them and they
are central to the plaintiff's claims. *Id.*

III.    Analysis

Defendants attack the [1] Complaint's form and substance. Because the
Court is granting Malone-Bey an opportunity to amend, Defendants' arguments are
premature. But the Court agrees the [1] Complaint is deficient in its current form.

A.  Insufficient Pleading

Parts of the [1] Complaint fail to satisfy Rule 8(a)'s pleading standard. Fed.
R. Civ. P. 8(a); *Bell Atl. Corp.*, 550 U.S. at 555 (requiring a plaintiff to plead "more
than labels and conclusions" or a "formulaic recitation of the elements of a cause of
action").

First, several of Malone-Bey's claims are conclusory with no ties to his factual
narrative. *See, e.g.*, [1] ¶¶ 26, 30–31, 36. As one example, Malone-Bey's First
Amendment claim is a single sentence: "To the extent Defendants retaliated against
Plaintiff for protected speech, including his denial and engagement in lawful
communication, such retaliation violates the First Amendment." *Id.* ¶ 26. He does
not allege his speech was a matter of public concern, nor does he offer any factual
support for his claim that he engaged in "protected speech." *Id.*; *Modica v. Taylor*,
465 F.3d 174, 180 (5th Cir. 2006) (outlining elements of a First Amendment
retaliation claim to include "speech [that] involved a matter of public concern").[1]

---

[1] Any argument that Malone-Bey's speech was a matter of public concern is likely
frivolous. Malone-Bey alleges the School District fired him because of a "private phone
conversation" that apparently involved his job dissatisfaction. [1] ¶ 12; [1-1] at 3 (alleging
that Malone-Bay said, "I am tired of this place, and I need to leave before they make me

This kind of conclusory pleading is not enough; Malone-Bey must allege facts for each element of each claim. Fed. R. Civ. P. 8(a)(2).

Additionally, many of Malone-Bey's allegations are improper "shotgun" allegations that assert blanket claims against "Defendants" without specifying which defendant is responsible for which act. *See, e.g.*, [1] ¶ 17, 23, 26, 36. This runs afoul of Rule 8(a). *See Gadow v. Shearer-Richardson Mem'l Nursing Home*, No. 1:24-CV-84-SA-DAS, 2024 WL 5058972, *3 (N.D. Miss. Dec. 10, 2024) ("Courts have found that the failure to differentiate between defendants may be grounds for dismissal where defendants are unable to ascertain the specific acts for which they are allegedly liable."); *see also Chyba v. EMC Mortg. Corp.*, 450 F. App'x 404, 406 (5th Cir. 2011) (affirming dismissal of a pleading based in part on global allegations against all defendants). Malone-Bey must specify which individual or entity he seeks to hold liable for which alleged acts.

### B. Improper Parties

Malone-Bey's claims against the School Board and his official-capacity claims against Superintendent Cain are improper. First, the School District—not the School Board—is the proper defendant in this lawsuit. *See Mayer v. Oak Grove High Sch.*, No. 2:25-CV-58-HSO-BWR, 2025 WL 3082443, *2–4 (S.D. Miss. Nov. 4, 2025). Second, Malone-Bey's official-capacity claims against Superintendent Cain

---

come up here with a gun because that is not something I want to do."). Based on these allegations, Malone-Bey was speaking "as an employee upon [a matter] only of personal interest," not "as a citizen upon matters of public concern." *Connick v. Myers*, 461 U.S. 138, 147 (1983). The Court cautions Malone-Bey that any attempt to restate a First Amendment claim will fail in the absence of plausible allegations that he engaged in protected speech.

are duplicative of his claims against the School Board. *See Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020). If Malone-Bey amends his [1] Complaint, he must name the proper defendants.

## C.  Improbable School District Liability

If Malone-Bey names the School District as a defendant, he must understand the uphill battle he faces to state a viable Section 1983 claim.

Section 1983 claims against school districts are governed by *Monell* and its progeny. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). And, under *Monell*, the School District cannot be responsible just because it employed the people Malone-Bey says wronged him. *Id.* Instead, Malone-Bey must allege that a "policymaker" for the School District promulgated an "official policy" that was the "moving force" behind his constitutional harm. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

"Pleading *Monell* liability is notoriously difficult." *Salas v. City of Galena Park*, Nos. 20-20170, 21-20333, 2022 WL 1487024, *4 (5th Cir. May 11, 2022) (citation modified). And "isolated unconstitutional actions by [district] employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578.

If Malone-Bey opts to reassert his Section 1983 claims against the School District, he must meet these strict pleading requirements. And the Court cautions Malone-Bey that, even though he is proceeding pro se, he still is bound by Rule 11's good faith requirement. Fed. R. Civ. P. 11(b) (requiring legal claims to be

6

nonfrivolous and factual allegations to have evidentiary support); *see also Taylor v. Cnty. of Copiah*, 937 F. Supp. 580, 585–86 (S.D. Miss. 1995).

D. Qualified Immunity

Malone-Bey also faces the qualified immunity defense that may shield Principal Herrington, Mr. West, and Officer Naylor.[2] [27] at 6–9.

"The doctrine of qualified immunity shields government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Wallace v. Cnty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). To overcome qualified immunity at the pleading stage, Malone-Bey must allege facts that, if true, show Principal Herrington, Mr. West, and Officer Naylor violated his "clearly established right." *Id*. If he does so, the Court then will examine whether their conduct was "objectively reasonable." *Id*.

Malone-Bey's current allegations against Principal Herrington, Mr. West, and Officer Naylor all arise from their jobs. Mr. West—a fellow teacher—overheard Malone-Bey make a statement on the phone that Mr. West perceived as threatening. [1] ¶ 12. Mr. West confronted Malone-Bey about what he heard. *Id*.

Afterward, Malone-Bey "informed" Principal Herrington about the conversation and invited him to contact the other caller "to verify the conversation." *Id*. ¶ 14. Principal Herrington never contacted the other person, nor did he conduct

---

[2] Officer Naylor has not joined the [26] Motion, but his [9] Answer asserts a qualified immunity defense. Naylor Answer [9] at 2.

a "meaningful investigation" or produce a "written report." [3] *Id.* At Malone-Bey's termination hearing, Principal Herrington "called [Officer Naylor] to testify" about the grounds for the School District's decision to terminate Malone-Bey. *Id.* ¶ 16. Malone-Bey disputes Officer Naylor's testimony, claiming it was "uncorroborated hearsay." *Id.*

As alleged, these activities fall within each defendant's scope of employment. And, as alleged, they do not violate any clearly established statutory or constitutional right. Absent plausible allegations that Principal Herrington, Mr. West, or Officer Naylor violated Malone-Bey's rights, acted unreasonably, or acted outside the scope of their employment, qualified immunity likely bars Malone-Bey's claims against them.

IV.    Conclusion

Although the Court has identified some of Malone-Bey's pleading deficiencies, the Court expresses no opinion about other potential defenses or the likelihood that Malone-Bey's amended pleading, should he choose to file one, will withstand another dispositive motion. If Malone-Bey chooses to amend, he should use the Court's guidance here and the Defendants' legal arguments to plead his best case.

For the reasons stated above, the Court denies without prejudice the [26] Motion, finds as moot the [34, 36] Motions, and grants Malone-Bey 14 days from the date of this Order to amend his [1] Complaint and plead his best case. If he does

---

[3] Although Principal Herrington never called the other party, the School District's Human Resources Department did. [1] ¶14(d–e).

not, the Court will dismiss all claims that do not state a claim upon which relief should be granted.

The Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 26th day of January, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE